1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   KATHERINE M. CLARK,

8                            Plaintiff,          NO:  1:14-CV-0096-TOR

9        v.                                       ORDER GRANTING DEFENDANT'S
                                                  MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                     JUDGMENT
    Commissioner of Social Security
11  Administration,

12                           Defendant.

13        BEFORE THE COURT are the parties' cross-motions for summary

14  judgment.  ECF Nos. 13, 14.  Plaintiff is represented by Joseph M. Linehan.

15  Defendant is represented by Leisa A. Wolf.  The Court has reviewed the

16  administrative record and the parties' completed briefing and is fully informed.

17  For the reasons discussed below, the Court grants Defendant's motion and denies

18  Plaintiff's motion.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R.

6    §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir.

7    2012).

8                                ALJ FINDINGS

9        Plaintiff filed applications for disability insurance benefits and supplemental

10   security income on March 10, 2011.  Tr. 199–205, 206–09.  Plaintiff's claims were

11   denied initially and upon reconsideration.  Tr. 92–104, 105–17, 120–32, 133–45.

12   Plaintiff requested a hearing before an ALJ which was held on September 20,

13   2012.  Tr. 42–89.  The ALJ issued a decision denying Plaintiff supplemental

14   security income on November 6, 2012.  Tr. 22–37.

15       At step one, the ALJ found that Plaintiff had not engaged in substantial

16   gainful activity since June 1, 2010.  Tr. 24.  At step two, the ALJ found that

17   Plaintiff had the following severe impairments:  depression, asthma, degenerative

18   disc disease, obesity, and anxiety.  *Id.*  At step three, the ALJ found that Plaintiff

19   did not have an impairment or combination of impairments that met or medically

20

equaled a listed impairment.  Tr. 27.  The ALJ then concluded that Plaintiff had the

RFC

> to perform a full range of light exertional work, as defined in 20 CFR
> 404.1567(a).  On an occasional basis, the claimant can perform
> crawling, kneeling, and climbing ladders, ropes and scaffolds.  The
> claimant should avoid any concentrated exposure to odors, dusts,
> gases, fumes and the extreme cold.  On an occasional basis, the
> claimant can have contact with co-workers and the general public.
> The claimant was able to perform one to three step tasks.

Tr. 28.  The ALJ found, at step four, that Plaintiff was unable to perform past

relevant work.  Tr. 35.  At step five, the ALJ found that, considering Plaintiff's

age, education, work experience, and RFC, there are jobs existing in significant

numbers in the national economy that Plaintiff could perform in representative

occupations such as small parts assembler or bottle packer.  Tr. 36.  On that basis,

the ALJ concluded that Plaintiff was not disabled as defined in the Social Security

Act.  Tr. 37.

The Appeals Council denied Plaintiff's request for review on February 18,

2014, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1–3; 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R.

§§ 416.1481, 422.210.

## ISSUES

Plaintiff asserts generally that she is more limited from psychological

impairments than the ALJ determined.  ECF No. 13 at 9.  Specifically, Plaintiff

raises two issues for review:  (1) whether the ALJ properly considered the opinion of Plaintiff's treating psychiatrist and (2) whether the ALJ presented a complete hypothetical to the vocational expert.  *Id.* at 10–11, 12–13.  The Court evaluates each contention in turn.

DISCUSSION

A. Treating Psychiatrist Opinion

Plaintiff contends that the ALJ failed to properly consider the opinion of Plaintiff's treating psychiatrist, Dr. Hal Gillespie.  ECF No. 13 at 10–11.  Specifically, Plaintiff contends that, as Plaintiff's treating psychiatrist, Dr. Gillespie's opinion was entitled to controlling weight.  *Id.* at 11.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

On January 18, 2011, Dr. Gillespie completed a "Documentation Request for

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1   Medical or Disability Condition."  Tr. 281–83.  On that form, Dr. Gillespie

2   indicated that Plaintiff had two conditions that required special accommodations or

3   considerations:  major depression moderate and opioid dependence.  Tr. 281.  Dr.

4   Gillespie also checked a box indicating that these conditions prevented Plaintiff's

5   ability to work.  *Id.*  The written description Dr. Gillespie provided to specify the

6   limitations is:  "Problems with concentration, dealing [with] stress, interacting with

7   people."  *Id.*  Dr. Gillespie indicated this would make Plaintiff unable to work for a

8   period of thirteen months.  Tr. 281, 282.  Dr. Gillespie did not provide support for

9   his conclusions by reference to his treatment observations or clinical findings.

10          The ALJ assigned this opinion little weight.  Tr. 35.  Dr. Gillespie's opinion

11   is inconsistent with the opinion of examining psychologist Samantha Chandler,

12   Psy.D., who examined Plaintiff on April 13, 2011.  Tr. 35, 363–67.  As a

13   contradicted opinion, the Court must determine whether the ALJ provided specific

14   and legitimate reasons supported by substantial evidence in assigning Dr.

15   Gillespie's opinion little weight.  The Court concludes the ALJ did provide specific

16   and legitimate reasons which are supported by substantial evidence.

17          First, the ALJ observed that the opinion was inconsistent with Dr.

18   Gillespie's own treatment notes.  The ALJ provided a detailed review of Dr.

19   Gillespie's treatment notes in her step-two analysis.  Tr. 25–26.  The Court's own

20   review of the treatment notes indicates that Dr. Gillespie consistently observed that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1  Plaintiff's memory is intact, her intelligence is normal, and she has no psychotic

2  features.  Tr. 285, 305, 386, 402, 430, 448, 631, 635, 638, 642, 656–62.  He

3  observed that Plaintiff's affect was flexible, ranging from "constricted," Tr. 285,

4  448, 658–59, to "flat," Tr. 305, 660, to "fairly good with a wider range of

5  appropriate responses," Tr. 386; *see also* Tr. 402, 430, 631, 635, 638, 642, 656–57,

6  660–62.  Dr. Gillespie also observed that Plaintiff's concentration was generally

7  within a normal range:  in some evaluations he found her concentration was okay

8  and showing improvements, while in others he indicated her concentration was

9  somewhat poorer.  *Compare*, Tr. 303, 403, 430, 448, 645, 659, *with* Tr. 386, 631,

10  635, 642, 656, 657, 658, 660.  Finally, Dr. Gillespie noted that Plaintiff's

11  medications have worked well for her and that she is making positive progress with

12  respect to her mental impairments.  Tr. 285, 430, 638, 645 ("She has now been on

13  Strattera for about two weeks and she feels this is helping with her

14  concentration."), 658.

15      The ALJ reasonably inferred from Dr. Gillespie's notes and observations

16  that Plaintiff was not as limited by her mental impairments as Dr. Gillespie's

17  unsupported opinion on the form indicated.  Tr. 35.  Such a discrepancy between a

18  psychiatrist's opinion and the psychiatrist's treatment notes is a legally sufficient

19  reason for an ALJ not to rely upon the psychiatrist's opinion.  *See Bayliss*, 427

20  F.3d at 1216.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    Second, the ALJ observed that Dr. Gillespie's opinion was inconsistent with

2    that of examining psychologist Samantha Chandler.  Tr. 35.  It is the ALJ's duty to

3    resolve conflicting medical opinions.  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th

4    Cir. 2002).  The ALJ set out a detailed and thorough examination of the record and

5    conflicting opinions and made specific findings.  Tr. 25–26, 30–31, 35.  Plaintiff

6    disagrees with those conclusions.  However, the ALJ's resolution of the conflicting

7    opinions is reasonable and must be upheld.  *See Batson v. Comm'r of Soc. Sec.

8    Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are

9    upheld if supported by inferences reasonably drawn from the record . . . and if

10   evidence exists to support more than one rational interpretation, we must defer to

11   the Commissioner's decision." (citation omitted)).  The ALJ provided specific and

12   legitimate reasons to assign little weight to the functional assessment of Dr.

13   Gillespie.

14                   B. Vocational Expert Hypothetical

15         Plaintiff contends that the ALJ erred by providing an incomplete

16   hypothetical to the vocational expert who testified at Plaintiff's hearing.  ECF No.

17   13 at 12–13.  Specifically, Plaintiff argues that the ALJ erred by failing to include

18   in the hypothetical all of the limitations assessed by the testifying medical expert,

19   psychologist, Walter Scott Mabee, Ph.D.  *Id.* at 13.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

At step five, the burden shifts to the Commissioner to show that a claimant can do other substantial gainful activity considering her age, education, and work experience. *See Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). "There are two ways for the Commissioner to meet [her] Step Five burden: (1) the testimony of a [vocational expert]; or (2) by reference to the Medical Vocational Guidelines . . . . Where the claimant has significant non-exertional impairments, however, the ALJ cannot rely on the Guidelines." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citations omitted). The ALJ need not include limitations in the hypothetical that the ALJ has concluded are not supported by substantial evidence in the record. *See Osenbrock*, 240 F.3d at 1163–64.

The ALJ acknowledged and accepted Dr. Mabee's testimony regarding Plaintiff's limitations. The ALJ noted mild to moderate limitations to Plaintiff's social and interpersonal functioning; moderate limitations to Plaintiff's concentration, persistence, and pace; mild limitations to Plaintiff's ability to deal with the general public; moderate difficulties dealing with supervisors and coworkers; and moderate difficulty responding to more detail and complex tasks. Tr. 33. The ALJ did not mischaracterize Dr. Mabee's testimony as Plaintiff alleges. ECF No. 13 at 13. The limitations assessed by Dr. Mabee are reflected in the ALJ's RFC finding and in the third hypothetical submitted to the vocational expert. Tr. 85–86. The limitations the ALJ included in the third hypothetical were

supported by substantial evidence in the record.  In response to that hypothetical, the vocational expert testified that such an individual should be able to perform work as a small parts assembler or bottle packer.  Tr. 86.  The ALJ ultimately concluded at step five that based upon her RFC, Plaintiff was able to perform such work.  Tr. 36.  This conclusion was not inconsistent with the testimony of Dr. Mabee, but incorporates his assessed limitations accordingly. No error has been shown.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** April 27, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13